429 P.2d 983

**UNION PACIFIC RAILROAD COMPANY,**
a corporation, Plaintiff,

v.

**STATE TAX COMMISSION of Utah,**
Defendant.

**No. 10710.**

Supreme Court of Utah.

July 10, 1967.

Bryan P. Leverich, A. U. Miner, Howard F. Coray, Scott M. Matheson, Norman W. Kettner, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Henry L. Adams, F. Burton Howard, Salt Lake City, for defendant.

TUCKETT, Justice:

We granted a rehearing in this case to reconsider the question of whether or not in the first opinion of the court we had misconstrued the pertinent statute. After a careful re-examination of the problem we adhere to the court's first opinion.

The first opinion may have resulted in some confusion inasmuch as the opinion attempted to make certain distinctions between commercial and industrial consumption. We need not be concerned with whether or not the plaintiff's business is industrial but only if it is in fact commercial.

 The terms "commerce" and "commercial" are very broad indeed. As Chief Justice Marshall observed in the case of Gibbons v. Ogden,[1] decided in 1824: "Nothing is more complex than commerce; and in such an age as this, no words embraced a wider field than commercial regulation." Since that time a large body of statutory and case law has grown under the commerce clause of the federal constitution. The words "commerce" and "commercial" have been defined in a great number of cases. The term "commerce" includes the transportation of persons and property by land, water and air.[2] It necessarily follows that fuel oil used in the operation of the plaintiff's locomotives is a commercial use.

This case is remanded in accordance with our original opinion. No costs awarded.

CROCKETT, C. J., and ELLETT, J., concur.

HENRIOD, Justice (dissenting).

I dissent again and re-affirm what I said in the case in which this petition for rehearing and re-argument was granted (426 P.2d 231). I also concur in the dissenting opinion of Mr. Justice Callister in that case. I also concur in the dissenting opinion of Mr. Orville Gunther, Commissioner of the Tax Commission, who, after analyzing the legislation involved, pointed out that if the legislature had intended to impose the tax on railroads, it specifically could have said

1. 9 Wheat 1, 6 L.Ed. 23.

2. 15 Am.Jur.2d, p. 632.

so in a very few words, and not having done so, any doubt (which arose after 22 years of administrative undoubt) should be resolved in favor of the taxpayer,—an elementary and fundamental principle. The main opinion and the opinion on re-hearing are replete with concessions that there are doubts 'about the legislation in this case. That itself should be dispositive in favor of the taxpayer.

Even the opinion on re-hearing confirms what I assert when it says "The first opinion may have resulted in some confusion inasmuch as the opinion attempted to make certain distinctions between commercial and industrial consumption,"—implying that the statute was doubtful in the mind of, or misconstrued by the author of the first opinion, and consequently with a like doubt in the mind of the author of this case on re-hearing. Hence both authors find themselves impaled on the horns of a dilemma,—the first, because he certainly would not admit that he was confused in construing the legislation, and the second in presently suggesting the confusion of the first, but having participated in such confusion concurred in it.

The opinion on re-hearing seems to confirm my position in favor of the taxpayer,

when it says "The terms 'commerce' and 'commercial' are *very broad indeed.*" Indeed, I agree. That statement is the nub of this case. If those terms are indeed so broad, they should be narrowed to give the taxpayer the benefit of interpreting such elusive, illusory and misty generalization in his favor by relieving him of the thousandth · tax burden now placed upon him and others by these decisions.

By quoting Marshall, in Gibbons v. Ogden, decided in 1824, that *"Nothing* is more complex than commerce * * *" only lends support to my argument that if the term is that confusing and guessable, we should resolve the guessability in favor of the taxpayer. If the 240 pages of that case arrived only at the conclusion quoted above, it certainly would provide a lot of eyestrain to arrive at the conceded truism that nothing is more complex than commerce.

How this court under such nebulous gratuities can so omnisciently say that legislation here clearly places a railroad in the same category as supermarkets and pawnbrokers is beyond me. The legislature didn't say so.

CALLISTER, J., concurs in the dissenting opinion of HENRIOD, J.